FILED
CLERK
1/23/2020 10:07 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CINDY BARRIOS *on behalf of
herself and all others similarly situated*,

                Plaintiff,

   -against-

MONARCH RECOVERY MANAGEMENT,
INC., AND MONARCH RECOVERY
HOLDINGS, INC.,

                Defendants.
---------------------------------------------------------X

**ORDER**
19-CV-4448 (JMA) (SIL)

**AZRACK, United States District Judge:**

      On February 21, 2019, plaintiff initiated a civil action against defendants in the Supreme Court of the State of New York, County of Nassau, by filing a Summons with Notice. (ECF No. 1.) Defendants were served on July 3, 2019 and removed the action to Federal Court on August 2, 2019. (Id.) In accordance with a Court Order, plaintiff filed a Federal complaint on August 28, 2019. (ECF No. 8.)

      On October 7, 2019, in advance of the scheduled Initial Conference, the parties filed a joint motion to stay this case pending the Second Circuit's decisions in the Dow v. Frontline Asset Strategies, LLC. (18-3107) and the De La Cruz v. Financial Recovery Services (19-1152) matters because the issue in this action mirrored the issues being heard by the Second Circuit. (ECF No. 12.) The Court granted this motion on October 8, 2019. By letter dated December 26, 2019, defendants informed the Court that the Second Circuit issued a Summary Order in the Dow matter upholding the District Court's decision dismissing the case, and counsel in De La Cruz subsequently withdrew that appeal. (ECF No. 13.) The letter also indicated that defense counsel has been unable to get in touch with plaintiff's counsel regarding this development. (Id.)

Accordingly, on January 14, 2020, this Court issued an Order to Show Cause, reflecting the above procedural history, and directed plaintiff to show cause in writing by January 21, 2020, why an order should not be entered dismissing this action in accordance with the Second Circuit's Order in Dow v. Frontline Asset Strategies, LLC. (Electronic Order, 1/14/2020.) Plaintiff was warned that failure to respond to the Order may result in dismissal of the case for failure to prosecute. (Id.)

To date, plaintiff has not responded to the Order to Show Cause, or otherwise communicated with the Court. Moreover, when plaintiff failed to respond, defendants filed a letter motion for a pre motion conference to move to dismiss for failure to prosecute. (ECF No. 14.) Defendants indicated that since their December 26, 2019 letter, all calls, emails, and even a certified letter to plaintiff's counsel, Mitchell L. Pashkin, Esq. have gone unanswered. (Id.)

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

The Second Circuit issued its summary order in Dow v. Frontline Asset Strategies, LLC on November 4, 2019. 783 F. App'x 75 (2d Cir. 2019). To date, plaintiff has failed to respond to defense counsel or the Court about this development, despite acknowledging that it was crucial to the outcome of this case in requesting a stay. Moreover, the Court clearly warned plaintiff that failure to respond to the January 14, 2020 Order to Show Cause could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Order or otherwise communicate with the Court warrants dismissal.[1] Accordingly, this case is dismissed for failure to prosecute and noncompliance and the Clerk of the Court is directed to close this case.[2]

**SO ORDERED.**

Dated: January 23, 2020
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, on January 14, 2020, the Court issued five other Orders in cases brought by plaintiff's counsel directing responses by January 21, 2020, and counsel failed to respond to a single one. (See Dockets 19-cv-4562, 19-cv-2778, 17-cv-2454, 19-cv-4325, 18-cv-7254.) The Court also had to dismiss two cases brought by plaintiff's counsel on January 14, 2020 for failure to prosecute and non-compliance. (See Dockets 19-cv-3771, 19-cv-3891.) The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.

[2] Because the Court can dismiss for failure to prosecute and non-compliance sua sponte, the Court will not require that defendants file the formal motion to dismiss requested in their pre-motion conference letter.